UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ELIZABETH GRADY SCHOOL OF ESTHETICS AND MASSAGE THERAPY, ELIZABETH GRADY FACE FIRST, INC., AND EGFF HOLDING CORP.<br><br>Plaintiff,<br><br>v.<br><br>DR. MIGUEL CARDONA, in his Official Capacity as SECRETARY of the UNITED STATES DEPARTMENT OF EDUCATION<br><br>Defendant. | Civil Action No.: 1:23-CV-12461 |

**MOTION FOR LEAVE
TO WITHDRAW AS COUNSEL AND STAY PROCEEDINGS
PENDING PLAINTIFFS' IDENTIFICATION OF SUCCESSOR COUNSEL**

Sammy S. Nabulsi and Meredith W. Doty (together, "Counsel") of Rose Law Partners LLP, as counsel for the Plaintiffs Elizabeth Grady School of Esthetics and Massage Therapy, Elizabeth Grady Face First, Inc., and EGFF Holding Corp. (collectively, the "School") request, pursuant to Massachusetts Rules of Professional Conduct 1.16(b)(6) and Local Rule 83.5.2(c), entry of an order granting them leave to withdraw as attorneys of record and to stay the proceedings pending the School's identification of successor counsel. As grounds therefore, Counsel submits the attached Affidavit of Sammy S. Nabulsi ("Nabulsi Aff.") and states:

**BACKGROUND**

1.  On May 18, 2023, the School retained Counsel to represent the School in this matter and the School and Counsel entered into an engagement agreement (the "Agreement").

See Nabulsi Aff. at Ex. 1. Under the Agreement, the School would receive a monthly invoice from Counsel and "bills will be paid promptly upon receipt, and in no event later than 30 days after receipt." Id. The Agreement states that the School's "[f]ailure to pay any invoice within 30 days after receipt shall be grounds for Rose Law Partners LLP's termination of this agreement and withdrawal as counsel." Id. The Agreement requires a $5,000 retainer and states that the retainer will be applied to invoices that remain unpaid for more than 30 days. Id. The Agreement further provides that, "[i]n the event that the retainer, or any portion of it, is used, you agree to immediately replenish it, and maintain a retainer of $5,000 throughout this engagement." Id. The Agreement is signed by the School's President, Kathleen DeNicola.

2. The School paid the $5,000 retainer to Counsel at the time of the Agreement. Nabulsi Aff. at ¶ 3. Since the signing of the Agreement, Counsel have submitted monthly invoices to the School for work performed by Counsel in advising the School, interfacing with the Department, and litigating this action. Id. Since the Agreement, the School has not made any payment other than the retainer for the fees and costs incurred to date. Id. at ¶¶ 9, 22. The School's outstanding balance is in the mid five figures, all of it being past due. Id. at ¶ 22.

3. Significant time and work has been invested by Counsel prior to and in the course of this action. Id. at ¶ 4. Counsel filed the 25-page Verified Complaint in this action on October 20, 2023. On October 27, 2023, the School moved for a preliminary injunction to enjoin the Department from limiting the School's eligibility to participate in student federal financial aid programs so that the School could be reimbursed for funds it had advanced to students who qualified for financial aid programs per policy of the Department while the Department's decision to end the School's eligibility was litigated. Counsel for the School also prepared and submitted a Reply Brief and argued the motion. The motion was denied on December 7, 2023.

4. During the course of litigation in this action, there has been a breakdown of communications between Counsel and Ms. DeNicola, who has not provided Counsel with necessary information they have requested on multiple occasions. Id. at ¶¶ 5, 6, 8, 13.

5. In addition, Counsel has repeatedly requested payment of its outstanding invoices, which total in the mid five figures, and remain unpaid.[1] Id. at ¶¶ 8, 9, 11, 13, 14, 16, 17, 21. Counsel's firm is a small one of only six attorneys, making an outstanding balance of this amount a considerable burden.

6. On January 17, 2024, for the first time, Ms. DeNicola indicated that she would not be able to pay Counsel without receiving reimbursement from the Department. Id. at ¶ 14. Counsel advised her the same day that it would have to file a motion to withdraw unless it received payment from the School by Friday, January 19, 2024. Id. Payment was not made.

7. Thereafter, Counsel made multiple attempts to connect with Ms. DeNicola and advised her that Counsel would begin preparing paperwork to withdraw. Id. at ¶¶ 13, 14, 16, 17, 19. Counsel made several requests for Ms. DeNicola to identify successor counsel. Id. at ¶¶ 17, 19.

8. In the interim, Counsel secured extensions of time to provide the School with additional time to respond to the Department's pending Motion to Dismiss. Id. at ¶¶ 7, 10, 15, 18. The current deadline for the School to respond is February 23, 2024.

9. Counsel has not received any information from Ms. DeNicola regarding resolution of the outstanding balance. Id. at ¶ 21. Ms. DeNicola indicated that it has not yet found successor counsel. Id. at ¶ 20.

---

[1] If the Court wishes, Counsel can provide the specific amount unpaid and its supporting invoices to the Court for its *in camera* review.

10.     Furthermore, the School's lack of response to Counsel's requests for information has frustrated Counsel's ability to adequately represent the School and engage in useful discussions with the Department.  Id. at ¶¶ 5, 6.

11.     The School currently owes significant fees and costs to Counsel and is aware of the outstanding balance in the mid five figures that is currently due.  Id. at ¶ 22.  The School is also aware of future costs that are required to continue litigating this matter but has not rendered payment to Counsel after application of the retainer, despite Counsel regularly invoicing the School monthly and communicating to Ms. DeNicola the need for payment.  Id.  Counsel is aware that the School is in a tight financial situation given that the Department has refused to reimburse the School, but the understanding between the School and Counsel had not been that the School would not pay its legal fees until the School was reimbursed by the Department.  Id. at ¶ 23.  The parties have not yet engaged in discovery.

**ARGUMENT**

12.     Pursuant to Local Rule 83.5.2(2), "[a]n attorney may seek leave of court to withdraw his or her appearance for good cause shown."

13.     "In considering a motion to withdraw, a court may consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to the litigants; (3) the delay in the resolution of the case which would result from withdrawal; and (4) the effect of withdrawal in the efficient administration of justice."  eClinical Sols., LLC v. Clinical Pros., Inc., No. 19-CV-10540-ADB, 2020 WL 4569692, at *2 (D. Mass. Aug. 7, 2020), quoting Hayes v. CRGE Foxborough, LLC, No. 13-cv-12014-DJC, 2013 WL 10777847, at *2 (D. Mass. Aug. 21, 2013).

14.     Massachusetts Rule of Professional Conduct 1.16(b)(6) permits counsel to withdraw where the representation will result in "an unreasonable financial burden on the lawyer

4

or has been rendered unreasonably difficult by the client." Thus, a client's failure to pay attorney's fees supports the withdrawal of counsel. See Cozy, Inc. v. Dorel Juv. Grp., Inc., No. CV 21-10134-JGD, 2024 WL 126078, at *1 (D. Mass. Jan. 11, 2024) (allowing withdrawal where client lost access to funding source, could not pay future fees, and owed a "significant" amount); Metropolitan Prop. & Cas. Ins. Co. v. Savin Hill Fam. Chiropractic, Inc., No. CV 15-12939-LTS, 2018 WL 4870903, at *2 (D. Mass. Aug. 17, 2018) (recommending motion to withdraw be granted where client "ha[d] substantially failed to fulfill their obligations to pay [defense counsel] for its services" and "it d[id] not appear that the Defendants w[ould] be able to secure the resources necessary to continue to pay"), report and recommendation adopted sub nom. Metro. Prop. & Cas. Ins. Co. v. Hill, No. 1:15-CV-12939, 2018 WL 4924604 (D. Mass. Sept. 4, 2018).

15.     The Court should consider "(1) the amount of work performed and paid for in comparison with the work remaining, (2) fees paid to date, and (3) the likely effect on the client." Phantom Ventures LLC v. Depriest, No. 15-CV-13865-IT, 2017 WL 1147448, at *1 (D. Mass. Mar. 27, 2017).

16.     Here, Counsel seeks to withdraw because the School has failed to fulfill its obligations under the Agreement by not making any timely payments towards invoices and by not replenishing the retainer. Despite entering into the Agreement, the School has informed Counsel that it does not intend to pay its legal fees until it is reimbursed the federal financial assistance from the Department, which the Department opposes in this litigation. Counsel cannot continue to incur the costs of representation without payment from the School.

17.     Furthermore, the School has not supported Counsel's efforts to obtain information necessary for factual development. Without support from the School, Counsel cannot continue

to represent it.  Cozy, Inc., 2024 WL 126078 at *2 (breakdown of attorney-client relationship between attorneys and patent holder was sufficient "good cause" required under local rule for attorneys to obtain leave of court to withdraw as counsel).

18. Neither the School nor the Department will be prejudiced by the withdrawal of Counsel.  No discovery has been conducted.  Counsel would be prepared to comply with all rules requiring handing over its documents to successor counsel in order to allow the case to continue forward and successor counsel would have sufficient time to prepare for the remainder of the case.  While the proceedings on the Motion to Dismiss would need to be stayed, it is not expected that that would cause prejudice to the Department.

19. Should Counsel not be allowed to withdraw, the unreasonable financial burden currently on Counsel will be significantly increased by having to remain in this case.  The School already owes Counsel a mid five figured amount.  Counsel should not be required to continue representing the School given the significant outstanding balance and the likelihood of unpaid future legal fees and costs incurred by Counsel.

20. In addition to withdrawal and given the Department's pending Motion to Dismiss, Counsel respectfully requests that this Court stay the proceedings on the pending motion until such time as the School has been able to identify successor counsel and successor counsel has filed a Notice of Appearance.

21. Pursuant to Local Rule 7.1, on February 22, 2024, Counsel conferred with counsel to the Department of Education via email regarding the subject and relief sought by this motion.  The Department does not oppose Counsel's request for leave to withdraw from the case.  The Department also does not oppose a stay while the School finds new counsel, but takes the position that the stay should be limited to 30 days.

**CONCLUSION**

For the foregoing reasons, Counsel's Motion for Leave to Withdraw as Counsel and Stay Proceedings Pending Plaintiffs' Identification of Successor Counsel should be GRANTED.

          Respectfully submitted,

          ELIZABETH GRADY SCHOOL OF ESTHETICS AND MASSAGE THERAPY, ELIZABETH GRADY FACE FIRST, INC., AND EGFF HOLDING CORP.

          By its attorneys,

          */s/ Sammy S. Nabulsi*
          Sammy S. Nabulsi (BBO # 691503)
          Meredith Wilson Doty (BBO # 652220)
          ROSE LAW PARTNERS LLP
          One Beacon Street, 23rd Floor
          Boston, Massachusetts 02108
          Phone: (617) 536-0040
          Fax: (617) 536-4400
          ssn@rose-law.net
          mwd@rose-law.net

Dated: February 23, 2024

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

I, Sammy Nabulsi, hereby certify that on February 22, 2024, my office conferred via email with counsel for the Defendant, Assistant United States Attorney Michael L. Fitzgerald. AUSA Fitzgerald indicated that the Department does not oppose Counsel's request for leave to withdraw from the case. The Department also does not oppose a stay while the School finds new counsel, but takes the position that the stay should be limited to 30 days.

*/s/ Sammy S. Nabulsi*
Sammy S. Nabulsi

## CERTIFICATE OF SERVICE

I, Sammy S. Nabulsi, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent via mail to those indicated as non-registered participants.

*/s/ Sammy S. Nabulsi*
Sammy S. Nabulsi

Date: February 23, 2024