UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ELIZABETH GRADY SCHOOL OF ESTHETICS AND MASSAGE THERAPY, et al.,<br><br>        Plaintiffs,<br><br>   v.<br><br>MIGUEL CARDONA, *in his official capacity as Secretary of Education*,<br><br>        Defendant. | Civil Action No. 23-12461-ADB |

**DEFENDANT'S OPPOSITION TO PLAINTIFFS'
MOTION FOR EXTENSION AND STAY**

Defendant Miguel Cardona, in his official capacity as Secretary of Education, respectfully submits this opposition to Plaintiffs' motion for an extension of time to respond to Defendant's motion to dismiss and for a stay of the proceedings. ECF No. 43. As support for this opposition, Defendant states as follows.

1. Plaintiffs filed the complaint in this matter on October 20, 2023. ECF No. 1. One week later, Plaintiffs filed a motion for a preliminary injunction. ECF No. 4. After receiving briefing and hearing oral argument, the Court denied Plaintiffs' motion for a preliminary injunction. ECF No. 20.

2. On December 29, 2023, Defendant filed a motion to dismiss the complaint for lack of jurisdiction and failure to state a claim, ECF No. 21, and a memorandum in support, ECF No. 22, based largely on the same arguments that the Court heard and considered in connection with the preliminary injunction motion. Plaintiffs then had two weeks, until January 12, 2024, to respond to the motion. *See* Local Rule 7.1(b)(2).

3.  Plaintiffs subsequently sought and obtained six extensions of time to respond to Defendant's motion to dismiss—totaling more than 170 days of extra time—based primarily on their asserted need to identify and retain new counsel.

4.  In partially granting Plaintiffs' most recent extension request, the Court stated that "[n]o further extensions will be granted," and that, "[t]o the extent counsel has not appeared and Plaintiffs have not responded to the motion to dismiss by [July 22, 2024], the Court will consider and rule on the motion as unopposed."  ECF No. 41.

5.  Nonetheless, on July 22, 2024, Plaintiffs filed a motion requesting another extension of time to respond to the motion to dismiss, and for a stay of the proceedings pending their identification of new counsel, which they acknowledged would not occur until at least "early September."  ECF No. 43.

6.  As set forth previously, Defendant consented to multiple extension motions in a good faith effort to cooperate with Plaintiffs, but, at this point, respectfully maintains that Plaintiffs have had ample and sufficient time to retain new counsel and respond to the motion to dismiss.

7.  It also bears emphasizing that Plaintiffs are incorrect to imply that Defendant's actions wrongfully put Plaintiffs in their present situation, and that Defendant should therefore be faulted for Plaintiffs' failure to retain counsel in the past several months.  *See* ECF No. 43 at 1.  As explained in Defendant's prior briefing, Ms. DeNicola refused to notify the Department about the change in Plaintiffs' ownership for several years—including after an auditor specifically stated that she should do so.  ECF No. 22 at 4–6.  Nor did she comply with any of the regulatory requirements for continued participation following the change in ownership.  *Id.*  Thus, it is inaccurate to suggest that Plaintiffs and Defendant

"were working through issues" and that Defendant's actions are what "led to" Plaintiffs' delay in responding to the motion to dismiss.  ECF No. 43 at 1.

8. Plaintiffs' assertion that, if the Department "ha[d] disbursed financial aid funds as it always had the funds would not be an issue and . . . the funds would be available to pay for the attorney," similarly misses the mark.  ECF No. 43 at 1.  If Defendant had disbursed the financial aid that Plaintiffs seek, then this case would not have been filed, and Plaintiffs would have no need for an attorney to litigate it.  The whole basis of the instant dispute (and Defendant's motion to dismiss), however, is that Plaintiffs are ineligible for, and therefore not entitled to, these federal funds.

9. Accordingly, Defendant respectfully requests that the Court deny Plaintiffs' motion, and decide Defendant's motion to dismiss as unopposed.


Respectfully submitted,

JOSHUA S. LEVY
Acting United States Attorney


Dated:  July 24, 2024         By:     /s/ Michael L. Fitzgerald
                                       MICHAEL L. FITZGERALD
                                       Assistant United States Attorney
                                       U.S. Attorney's Office
                                       1 Courthouse Way, Ste. 9200
                                       Boston, MA 02210
                                       (617) 748-3266
                                       michael.fitzgerald2@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants:

Elizabeth Grady School of Esthetics and Massage Therapy
Elizabeth Grady Face First, Inc.
EGFF Holding Corp.
41 Idora Ave.
Haverhill, MA 01832

*/s/ Michael L. Fitzgerald*
MICHAEL L. FITZGERALD
Assistant U.S. Attorney

Dated:  July 24, 2024